UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                                                           Chapter 11 (Subchapter V)

    Fanchest, Inc.,                                                          Case No: 20-43932-JMM

               Debtor.[1]
_____

### INTERIM ORDER RESOLVING OBJECTION TO MOTION AUTHORIZING THE INTERIM USE OF CASH COLLATERAL AND SCHEDULING FINAL HEARING ON THE MOTION

Upon the Motion (the "Motion")[2] of the Debtor, by its counsel, seeking entry of (1) an Interim Order authorizing the Debtor, pursuant to sections 105(a), 361, 362, 363(a), 363(c)(2)(3), 363(e), and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001(b) and 9014, and Local Rule 4001-5, to utilize Cash Collateral, upon the terms and conditions set forth herein, pending a final hearing to be held before the Court on January 20, 2021 at 11:00 a.m. (the "Final Hearing") and (2) following the Final Hearing, a final cash collateral order permitting the use of Cash Collateral (the "Final Order"); an emergency hearing having been held and concluded before me on December 17, 2020 to consider the entry of this order authorizing the Debtor's interim use of Cash Collateral (the "Interim Hearing"); and an objection having been filed by Phoenix Growth Capital LLC ("Phoenix"), and no other objections having been filed with the Court or raised at the Interim Hearing; and Phoenix having objected to, among other things, the Debtor's request that the Court find that the funds sought to be used by the Debtor as cash collateral that were seized by Phoenix prior to the Debtor's bankruptcy filing are property of the bankruptcy estate and constitute cash collateral; and it appearing that during the Interim Hearing, Phoenix agreed to pay the amounts set forth below under the conditions set forth below, and reserve the right to raise any and all objections for the Final Hearing; and it appearing to

---

[1] (Federal Tax Id. No. xx-xxx 3182).
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

the Court that granting the interim relief requested is fair and reasonable and in the best interests of the Debtor, its estate, its creditors and equity holders, and is essential to the operation of the Debtor's business; and after due deliberation having been had, and sufficient cause appearing therefor, and the Debtor having asserted for the purposes of this Interim Order that:[3]

1. The Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code on November 6, 2020 (the "Petition Date").

2. The Debtor is currently indebted to Phoenix in an amount disputed by the parties, but not in excess of $700,000 (the "Prepetition Obligations") in connection with prepetition advances and other costs incurred by Phoenix pursuant to the loan documents between the parties.

3. The Debtor submitted the December 10, 2020 Declaration of James Waltz that asserts the Debtor's inventory has a book value of more than $2,871,400, but there may be a market value of something less than book value, but in excess of the Prepetition Obligations. Phoenix submitted the December 16, 2020 Declaration of Abbas Maniar that disputes that value.

4. During the initial two (2) week period after the entry of this Order (the "Interim Period"), the estimated amount of expenses to be incurred by the Debtor, after an agreement during the hearing to reduce certain expenses set forth in the Budget, is approximately $67,500.

5. Phoenix appears to have a valid, perfected, and enforceable lien and security interest in the Debtor's assets, including all accounts receivables and proceeds and products therefrom (collectively, the "Prepetition Collateral").

NOW THEREFORE, upon the Motion, and the pleadings in this Chapter 11 case, and the record of the proceedings held before this Court with respect to the Motion, this Court finds as follows:

---

[3] Nothing asserted herein shall be used to prejudice or estop any party from subsequently contesting any of the factual assertions for any other purpose.

1. The Debtor has given notice of the Interim Hearing to: (i) the Office of the United States Trustee for the Eastern District of New York, Brooklyn Division, Attn: Jeremy Sussman, Esq., 201 Varick Street, Suite 1006, New York, New York 10014; (ii) counsel for Phoenix Growth Capital LLC, Ortiz & Ortiz, L.L.P., 35-10 Broadway, Suite 201, Attn: Norma E. Ortiz , Esq.; (iii) any party whose interests are directly affected by the Motion; (iv) those persons who have formally appeared and requested notice and service in this Chapter 11 case pursuant to Bankruptcy Rules 2002 and 3017; (v) the 20 largest unsecured creditors of the Debtor; and (vi) all other parties required to receive service under Local Rule 2002-2 (collectively, the "Notice Parties") by overnight mail, facsimile transmission and/or electronic mail on December 10, 2020. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, such notice represents sufficient and adequate notice of the Motion and the Interim Hearing pursuant to Bankruptcy Rules 4001(b) and 9014 and no further notice of, or hearing on the interim relief sought in the Motion is necessary or required.

2. Consideration of the Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§157(b)(2)(A), (K), (M) and (O).

3. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

4. Other than the appointment of the subchapter V Trustee (the "Trustee"), no committee, examiner, or trustee has yet been appointed in this Chapter 11 case.

5. Good, adequate and sufficient cause has been demonstrated to justify the granting of the interim relief requested herein.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Phoenix shall wire $67,500 no later than two business days from the entry of this order to the Debtor's DIP bank account at Axos Bank, and the Debtor's counsel shall provide the wire

transfer instructions for the Debtor's DIP bank account to counsel for Phoenix immediately upon entry of this Order.

2. The Debtor is hereby authorized to use these Funds in accordance with and to the extent set forth in this Interim Order as shown in the Budget annexed hereto as Exhibit "1" (the "Interim Budget") on an interim basis through and until January 20, 2021, at 5:00 p.m. (Prevailing Eastern Time) (the "Interim Expiration Date"); *provided, however, that*, nothing in this Interim Order shall be deemed a waiver of the Debtor's right to seek the use of Cash Collateral or the right of Phoenix to oppose such request and to the extent that any amounts are needed in excess of the budgeted amounts, these additional sums may be advanced by Jim Waltz on behalf of the Debtor and Mr. Waltz will be entitled to make a motion at the appropriate time for recovery of these advances under the appropriate Bankruptcy Code section(s).

3. The Debtor shall, as soon as practical after securing the inventory located at the Fosdick Fulfillment Center ("Fosdick") and the Molly Fulfillment Center ("Molly"), perform an accounting of the inventory on hand (the "Inventory") and provide said accounting to Phoenix and the Trustee. Prior to moving the inventory from Fosdick or Molly, the Debtor will give advance notice to Phoenix so that Phoenix can, if it desires, attend the loading and/or unloading of the inventory and Phoenix shall have the right to videotape or otherwise record the Inventory prior to such move. Pending the date for a Final Hearing on the Motion as set forth herein, advance notice of any sales will be provided to Phoenix and the Trustee and, regardless, the Debtor shall not, without the consent of Phoenix or further order of this Court, dispose of the Inventory prior to the date of the Final Hearing as set forth herein.

4. The Debtor has requested, and the Court approves, the Debtor's request to grant Phoenix a replacement lien in the Debtor's assets for the funds expended by Phoenix under this Order. Should the Court determine at the Final Hearing that the funds constitute cash collateral, the

replacement liens shall be deemed as adequate protection for any post-petition diminution in the value of the interests of Phoenix in the Prepetition Collateral, including, without limitation, such diminutions as may be caused by the imposition of the automatic stay of section 362(a) of the Bankruptcy Code and by the Debtor's use of the Prepetition Collateral and/or Cash Collateral. The Debtor (i) is hereby authorized to and does hereby grant to Phoenix, a valid, binding, enforceable and automatically perfected lien, and/or security interest (collectively, "Liens," and as so granted to Phoenix the "Replacement Lien") in all of the Debtor's presently owned or hereafter acquired property and assets (collectively, to the extent acquired after the Petition Date, the "Post-Petition Collateral" and together with the Prepetition Collateral and the Cash Collateral, the "Collateral").

5. Notwithstanding the foregoing, the Replacement Lien shall be subject to liens and other interests in property of the Debtor's estate existing as of the Petition Date that are both (i) valid, enforceable and not subject to avoidance by any trustee under the Bankruptcy Code; and (ii) senior under applicable non-bankruptcy law to, or encumber assets not encumbered by, the Phoenix liens in the Prepetition Collateral as of the Petition Date, if any.

6. The automatic stay provisions of section 362 are hereby modified to permit (a) the Debtor to implement and perform the terms of this Interim Order, and (b) the Debtor to create, and Phoenix to perfect, the Replacement Lien. Phoenix shall not be required to file UCC financing statements or any other instruments with any other filing authority to perfect the Replacement Lien granted by this Interim Order or to take any other actions to perfect such liens, which shall be deemed automatically perfected by the docketing of this Interim Order by the Clerk of the Court. If, however, Phoenix shall elect for any reason to file, record, or serve any such financing statements or other documents with respect to such liens, then the Debtor shall execute the necessary documents upon request, and the filing, recording, or service thereof (as the case may be) shall be deemed to have been made at the time of the commencement of this Chapter 11 case on the Petition Date.

7. Each of the following shall constitute an "Event of Default" for the purposes of this Interim Order:

- The Debtor's Chapter 11 case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code;

- A Chapter 11 trustee or examiner with expanded powers is appointed in the Debtor's Chapter 11 case;

- The Debtor ceases operations of its present business or takes any material action for the purpose of effecting the foregoing without the prior written consent of Phoenix, except to the extent contemplated by the Budget or otherwise approved by the Court;

- The Debtor expends any material amounts of funds or monies for any purpose other than those set forth in the Budget or as otherwise approved by the Court;

- The Debtor fails to comply with any of the terms of this Interim Order; or

- Except as may be authorized under this Court's Order or with prior written consent of Phoenix, the Debtor transfers Collateral or Cash Collateral to any non-Debtor.

8. Any non-compliance or default with any term of this Interim Order shall not be deemed an Event of Default, unless Phoenix delivers written notice of such non-compliance or default to the Debtor's proposed counsel, at the following address: Offit Kurman, P.A., Attn: Michael T. Conway, Esq., 590 Madison Avenue, Sixth Floor, New York, New York 10022, and the non-compliance or default is not thereafter cured by the Debtor within five (5) business days after counsel's receipt of such written notice. Upon the occurrence of any Event of Default, Phoenix may move before this Court, on five (5) business days' notice to the Debtor, to terminate the Debtor's use of Cash Collateral.

9. From and after the date of this Interim Order and pending the Final Hearing and/or entry of any subsequent order, the funds disbursed pursuant to this Interim Order shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses that are set forth in the Interim Budget or with the written consent of Phoenix.

10. The terms and conditions of this Interim Order shall be (i) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance with Bankruptcy Rule 8005 and applicable Local Rules, and (b) a hearing upon notice to the Notice Parties, Phoenix, the Office of the United States Trustee, and the Debtor's counsel.

11. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any orders which may be entered confirming any plan of reorganization, converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or appointing a Chapter 11 trustee, subject to the provisions of the Bankruptcy Code.

12. The terms and provisions of this Interim Order, as well as the Replacement Lien and all other claims and liens granted by this Order, shall: (a) continue in this Chapter 11 case or any superseding case under the Bankruptcy Code; (b) be valid and binding upon, and inure to the benefit of Phoenix, the Debtor, and their respective successors and assigns, and all parties in interest, including, without any limitation, a Chapter 11 trustee, Chapter 7 trustee, responsible officer, examiner, estate administrator, representative, or similar person appointed for the Debtor under any chapter of the Bankruptcy Code; and (c) continue, notwithstanding any dismissal of the Debtor's Chapter 11 case (and any such order of dismissal shall so provide), and such claims and liens shall maintain their priority as provided by this Interim Order until the Phoenix obligations are satisfied in full.

13. The provisions of this Interim Order shall expire on January 20, 2021 unless extended by further order of this Court or by written consent of the parties "So Ordered" by the Court.

14. The Debtor is directed to serve a copy of this Interim Order on the Office of the United States Trustee, the Notice Parties, counsel for Phoenix, and all parties filing a notice of appearance,

by facsimile, e-mail or regular mail, on or before January 5, 2021.

15. The Final Hearing shall take place before this Court on January 20, 2021 at 11:00 a.m.

16. Objections or responses, if any, to the proposed Final Order shall be in writing, filed on the Court's electronic Docket, and served upon the Notice Parties and on the proposed attorneys for the Debtor, Offit Kurman, P.A., Attn: Michael T. Conway, Esq., 590 Madison Avenue, Sixth Floor, New York, New York 10022, as well as all parties appearing in this Chapter 11 case, and the Clerk of this Court, no later than 4:00 p.m. (Prevailing Eastern Time) on January 17, 2021.

**Dated: Brooklyn, New York**
**December 29, 2020**

**Jil Mazer-Marino**
**United States Bankruptcy Judge**