**Fill in this information to identify the case:**

Debtor Name ___Fanchest, Inc._____

United States Bankruptcy Court for the: ____Southern____ District of __New York__
(State)

Case number: ___20-43932-jmm_____

☒ Check if this is an amended filing

Official Form 425A

# Amended Plan of Reorganization for Small Business Under Chapter 11  02/20

Fanchest, Inc.'s Amended Plan of Reorganization Dated 2/23/2021

## Background for Cases Filed Under Subchapter V

### A. Description and History of the Debtor's Business

The Debtor is a corporation. Since 2014, the Debtor has been in the business of purchasing and reselling sports team-branded soft and hard consumer goods.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit 1.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent has provided projected financial information as Exhibit 2. The Plan Proponent's financial projections show that the Debtor will have projected net income for the three year period following confirmation of $603,087.93.  The Net Income will be reduced by whatever amount is needed to pay allowed Class 1 and Class 2 claims resulting in the Debtor's disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) (the "Disposable Income"). Payments of Administrative Claims, Priority Tax Claims, Class 1 and Class 2 Claims will be made on the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order from the proceeds of a Stock Purchase Agreement, annexed hereto as Exhibit 3 (the "Agreement"). The size of the dividend to be paid to holders of allowed Class 4 Claims (the "Claim 4 Dividend") will depend on the amount required to pay allowed Class 1 and Class 2 claims because this amount will reduce Net Income and, accordingly, Disposable Income. There are no Class 1 claims filed as of this date. The current "book value" of the Class 2 Claim of $315,819.96, however a proof of claim was filed February 22, 2021 which suggests this Class 2 claim could be as high as $642,000. The Debtor intends to object to this proof of claim as being unsupported by the Debtor's books and records or even by the documents annexed to this proof of claim. Using these amounts, $315,819.96 and $642,000, the Claim 4 Dividend contemplated by this Plan will be between $287,267.97 and $0.00, subject to the final resolution of the Class 2 Claim, but likely somewhere in between. The final Plan payment is expected to be made within five days of a resolution of that last claim for which the Debtor files an objection.

Debtor Name: Fanchest, Inc.

Case number: 20-43932-jmm

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Fanchest, Inc. (the *Debtor*) from the Proceeds of the Agreement.

This Plan provides for:

- **1** classes of priority claims;
- **2** classes of secured claims;
- **1** classes of non-priority unsecured clams; and
- **1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will likely receive distributions, which the proponent of this Plan has valued at a high of approximately 14 cents on the dollar based on the aforementioned Claim 4 Dividend. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders will not be circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01 **Class 1** — All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02 **Class 2** — The claim of Phoenix Growth Capital LLC to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 3** — The claim of Helix Digital Inc. to the extent allowed as a secured claim under § 506 of the Code.

2.03 **Class 4** — All non-priority unsecured claims allowed under § 502 of the Code.

2.04 **Class 5** — Equity interests of the Debtor.

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims** — Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 **Administrative expense claims** — Each holder of an allowed administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Debtor Name ____Fanchest, Inc._____    Case number____20-43932-jmm_____

3.03 **Priority tax claims**  Each holder of an allowed priority tax claim will be paid will receive on account of such claim regular installment payments in cash (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan.

3.04 **Statutory fees**  All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees**  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | Unimpaired | Class 1 is unimpaired. Each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – **Secured claim** of Phoenix Growth Capital LLC ("*Phoenix*") | Unimpaired | Class 2 is unimpaired. Phoenix will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 3 – Secured claim of Helix Digital Inc. ("*Helix*") | Impaired | Class 3 is impaired. Helix has agreed to subordinate its recovery to the recovery of Class 4, and will thereafter be paid to the extent of proceeds of sales of Current Inventory. |
| Class 4 – **Non-priority unsecured creditors** | Impaired | Class 4 is impaired. Members of Class 4 will receive a dividend equal to a *pari passu* share of any amount remaining from the Debtor's Disposable Income after payments are made to Classes 1 and 2. |
| Class 5 - **Equity security holders of the Debtor** | Impaired | Class 5 is impaired. Holders of common stock equity interests in the Debtor will have their interests diluted upon conversion described in Exhibit 3 by 80%. Preferred stock, options and/or warrants are extinguished/cancelled by this Plan. A final Cap Table is annexed as Exhibit 4. |

### Article 5: Allowance and Disallowance of Claims

5.01 **Disputed claim**  A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim**  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of disputed claims**  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) None. |
|---|---|---|
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The Debtor will fund the Plan using the proceeds of the Agreement annexed as Exhibit 4, subject to Bankruptcy Court approval.

### Article 8: General Provisions

| 8.01 | **Definitions and rules cZconstruction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: "Current Inventory" includes the inventory in possession of the Debtor as of the date its Plan is confirmed. "Disposable Income" shall be calculated as set forth in § 1191 and, in this case, is set forth on Exhibit 2, hereto. |
|---|---|---|
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate governance** | The Debtor shall continue to be governed in accordance with its Restated Certificate of Incorporation, as amended, annexed hereto as Exhibit 5. |

| Debtor Name | Fanchest, Inc. | Case number | 20-43932-jmm |
|---|---|---|---|

### Article 9: Discharge and Retention of Jurisdiction

**9.01 Discharge**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i)    imposed by this Plan; or
    (ii)    to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
    (ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**9.02 Retention of Jurisdiction**

From and after the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over this Case for the following purposes:

(a) to determine any and all objections to the allowance of Claims;

(b) to determine any and all applications for the rejection, assumption, or assumption and assignment, as the case may be, of executory contracts of which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(c) to determine any and all applications for the determination of any priority of any Claim including Claims arising from any event that occurred prior to the Petition Date or from the Petition Date through the Effective Date and for payment of any alleged Administrative Claim, Priority Tax Claim, Other Priority Claims, Secured Claim or Unsecured Claim;

(d) to determine any and all applications, motions, adversary proceedings and contested or litigated matters that may be pending on the Effective Date or filed thereafter;

(e) to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or in connection with the obligations of the Debtor or the Reorganized Debtor under this Plan, and to enter such orders as may be necessary or appropriate to implement any distributions to holders of Allowed General Unsecured Claims;

(f) to consider any modification, remedy any defect or omission, or reconcile any inconsistency in this Plan or any order of the Bankruptcy Court, including the Confirmation Order, all to the extent authorized by the Bankruptcy Code;

(g) to issue such orders in aid of execution of this Plan to the extent authorized by section 1142 of the Bankruptcy Code;

(h) to determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with this Plan or the Confirmation Order;

(i) to hear and determine any claim or controversy of any nature arising from or in connection with any agreement made a part of this Plan; and to enter such orders as may be appropriate to enforce, modify, interpret or effectuate such agreements;

(j) to determine any suit or proceeding brought by the Debtor, the Trustee or the Reorganized Debtor, on behalf of the Debtor's estate, to (a) recover property under section 542, 543 or 553 of the Bankruptcy Code or to avoid any transfer or obligation under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code or (h) otherwise collect or recover on account of any claim or cause of action that the Debtor may have (provided that the Bankruptcy Court's jurisdiction with respect to such matters shall be nonexclusive);

(k) to consider and act on the compromise and settlement of any Claim against or cause of action by or against the Debtor's estate;

(l) to estimate Claims pursuant to section 502(c) of the Bankruptcy Code;

(m) to hear and determine any dispute or controversy relating to any Allowed Claim or any Claim alleged or asserted by any Person to be an Allowed Claim;

(n) to determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

(o) to administer and enforce the injunctions contained in this Plan, and any related injunction or decree contained in the Confirmation Order;

(p) to hear and determine any other matter related hereto and not inconsistent with Chapter 11 of the Bankruptcy Code; and

(q) to hear a motion and any issues related to issuing a final decree closing the Chapter 11 Case.

### Article 10: Other Provisions

10.01 **Exemption from Transfer Taxes**. Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp tax or other similar tax.

10.02 **Re-vesting of Assets; No Further Supervision**. Assets of the Debtor and all property of the Debtor's estate shall be preserved and re-vest in the Reorganized Debtor in each case free and clear of all Claims and Equity Interests, but subject to the obligations of the Reorganized Debtor, as specifically set forth in this Plan. This Plan does not contain any restrictions or prohibitions on the conduct of the business of the Reorganized Debtor. The Reorganized Debtor may use, operate and deal with its assets, and may conduct and change its businesses, without any supervision by the Bankruptcy Court, the subchapter V Trustee, or the Office of the United States Trustee, and free of any restrictions imposed on the Debtor by the Bankruptcy Code or by the Bankruptcy Court during the Chapter 11 Case, except with respect to the payment obligations contemplated herein.

10.12 **Reservation of Rights**. If the Plan is not confirmed by the Bankruptcy Court or any other Court of competent jurisdiction for any reason, the rights of all parties in interest in the Debtor's are and shall be reserved in full. Any concession reflected or provision contained herein, is made for the purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Debtor's Chapter 11 case shall be bound or deemed prejudiced by any such concession.

Debtor Name: Fanchest, Inc.     Case number: 20-43932-jmm

Respectfully submitted,

× _____    James Waltz, President and CEO
[Signature of the Plan Proponent]    [Printed Name]

× /s/ Michael T. Conway    Michael T. Conway
[Signature of the Attorney for the Plan Proponent]    [Printed Name]