OFFIT KURMAN, P.A.
Michael T. Conway, Esq.
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041
Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————

In re:                                                                    Case No: 20-43932-jmm

FANCHEST, INC.,                                                Chapter 11

                        Debtor.[1]

———————————————————————————

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 1 OF NEW YORK STATE
DEPARTMENT OF TAXATION & FINANCE PURSUANT TO SECTION 502(B) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3002 AND 3007**
------------------------------------------------------------
**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE YOUR CLAIM(S). YOU
SHOULD CAREFULLY REVIEW THIS OBJECTION**
------------------------------------------------------------

Fanchest, Inc., as debtor and debtor in possession (the "Debtor"), files this objection (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 3002 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the proof of claim filed by New York State Department of Taxation & Finance ("NYSDTF" or the "Claimant") and subsequently assigned claim number 1 on the Court's claims register (the "Disputed Claim"). In support thereof, Debtor states as follows:

_____

[1] (Federal Tax Id. No. xx-xxx 3182).

**Jurisdiction**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Court has

authority to grant this Motion pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3002 and

3007.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.      On November 6, 2020 (the "Petition Date"), Debtor commenced a voluntary

petition under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101,

*et seq*. the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy

Court"). The Debtor is operating the business and managing its properties as debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory

committee of creditors has been appointed in this chapter 11 case other than the subchapter V

Trustee, Eric Michael Huebscher, who was appointed on November 11, 2020.

4.      Until the filing of the present Bankruptcy Case, the Debtor's business has involved

purchasing and reselling sports team-branded soft and hard consumer goods, primarily holding

these goods in third-party fulfillment centers and using these fulfillment centers to package and

ship the goods on sale.

5.      Due to the COVID-19 pandemic, business came to an abrupt stop for the Debtor.

Given the lack of sales, payments to the Debtor's secured creditors and fulfillment center partners

became extremely problematic.

6.      On January 25, 2021, the Bankruptcy Court entered an Order pursuant to Federal

Rule of Bankruptcy Procedure 3003(c)(3) fixing a deadline and establishing procedures for filing

proofs of claim [Dkt. 61] (the "Bar Date Order"). Pursuant to the Bar Date Order, a bar date of March 2, 2021 for the filing of proofs of claims was established (the "Claims Bar Date").

7.      Claimant filed a proof of claim with the court on November 16, 2021, Claim Number 1, asserting a right to payment in the amount of $14,285.09, of which $12,376.80 is claimed as entitled to priority, allegedly due for estimated unpaid sales tax due for the period ending February 29, 2020, May 31, 2020 and August 31, 2020 (the "Claim").

## Relief Requested

8.      By this Motion, the Debtor seeks an Order reducing the Claim by an amount to be determined at a hearing on this Objection, which amount adjusts the Claim by reducing the amount of principal and interest due, as well as the amount of any attorneys' fees and/or administrative costs recoverable by Claimant.

## Basis for Relief

9.      Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a).

10.     Bankruptcy Rule 3007 provides that an objection must be in writing and that the claimant must be provided with at least a thirty (30) days' notice of the hearing to be held in respect of such objection.

11.     The Disputed Claim should be disallowed because it is inconsistent with Debtor's books and records and seeks recovery of amounts for which the Debtor is not liable.

12.     Prior to the commencement of the Bankruptcy Case and in the ordinary course of business, the Debtor maintained books and records (the "Books and Records") that reflect, among other things, the Debtor's liabilities and amounts owed to creditors as of the date on which the Bankruptcy Case commenced. The Books and Records were made by the Debtor at or near the

time of the relevant transactions giving rise to the liabilities, or otherwise made by the Debtor's personnel with knowledge of the relevant transactions. The Debtor maintained the Books and Records in the course of its ordinary business activities. The Debtor maintained the Books and Records regularly, in the course of conducting daily business transactions as well as other periodically recurring transactions.

13.    Debtor and its advisors have reviewed the Disputed Claims (including supporting documentation) filed in the Bankruptcy Case and compared it with the Debtor's Books and Records and the Schedules and Statements to determine their validity. After careful review, the Debtor has determined that the Disputed Claims do not comport with the Books and Records.

14.    A review of Debtor's Books and Records reveals that it is current in all pre-petition tax liabilities and should have zero (or de minimis) tax liabilities.

15.    Further, a portion of the tax liabilities is for a period of time when Debtor was no longer in operation, and, therefore, could not have any tax liability for that period of time, more specifically, from February 2020 forward.

16.    To avoid the possibility of Claimant receiving unwarranted recoveries, the Debtor requests that the Court grant an order authorizing disallowing the Disputed Claim to the extent determined at a hearing on this Objection.

**Reservation of Rights**

17.    The Debtor reserves any and all rights to amend, supplement or otherwise modify this Objection and to file additional objections to the Disputed Claim. The Debtor also reserves any rights, claims and defenses with respect to the Disputed Claim, and nothing included in or omitted from this Objection shall impair, prejudice, waive or otherwise affect any such rights, claims or defenses.

## Notice

18.     Notice of this Objection will be provided to: (i) the Office of the United States Trustee for the Eastern District of New York, Brooklyn Division, Attn: Jeremy Sussman, Esq., 201 Varick Street, Suite 1006, New York, New York 10014; (ii) the subchapter V Trustee, Eric Michael Huebscher, Huebscher & Co, 630 3rd Avenue – 21st Floor, New York, New York 10017; (iii) New York State Department of Taxation & Finance, POB 5300, Bankruptcy Unit, Albany, NY 12205-0300; and (iv) any party whose interests are directly affected by the Objection. The Debtor respectfully submits that no further notice of this Motion is required.

## No Prior Request

19.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order (i) expunging, disallowing or reducing the Disputed Claim in an amount to be established at the hearing on this Objection; and (ii) granting such other and further relief as is deemed just and proper.

Dated: May 15, 2021
      New York, New York

OFFIT KURMAN, P. A.

/s/ Michael T. Conway
Michael T. Conway
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041
Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession