**Hearing Date and Time:  June 23, 2021 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 16, 2021 at 4:00 p.m. (Prevailing Eastern Time)**

OFFIT KURMAN, P.A.
Michael T. Conway, Esq.
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041
Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                                          Case No: 20-43932-jmm

FANCHEST, INC.,                                      Chapter 11

              Debtor.[1]
_____

### NOTICE OF MOTION FOR ORDER PURSUANT
### TO BANKRUPCY RULE 9019 APPROVING SETTLEMENT
### WITH PHOENIX GROWTH CAPITAL, LLC

**PLEASE TAKE NOTICE** that Fanchest, Inc., as debtor and debtor in possession (the

"Debtor") will move on **June 23, 2021, at 10:00 a.m.**, or as soon thereafter as counsel may be

heard, before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, at the United

States Bankruptcy Court, U.S. Bankruptcy Court, Eastern District of N.Y., Conrad B. Duberstein

U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800, for entry of

an order, pursuant to Bankruptcy Rule 9019 and substantially in the form annexed hereto as Exhibit

A, approving the Settlement Agreement annexed hereto as Exhibit B (the "Motion").

_____
[1] (Federal Tax Id. No. xx-xxx 3182).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court, and served upon undersigned counsel so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on June 16, 2021 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that, unless objections are timely received and filed, the Motion may be granted without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time, without notice, other than by announcement of the adjourned date in open court or by posting such adjourned date on the Court's calendar on the aforementioned date.

Dated: New York, New York
         May 25, 2021

OFFIT KURMAN, P. A.

/s/ Michael T. Conway
Michael T. Conway
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041
Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession

OFFIT KURMAN, P.A.
Michael T. Conway, Esq.
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041
Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                                          Case No: 20-43932-jmm

FANCHEST, INC.,                                      Chapter 11

                    Debtor.[1]

_____

### MOTION FOR ORDER PURSUANT TO
### BANKRUPCY RULE 9019 APPROVING SETTLEMENT
### <u>WITH PHOENIX GROWTH CAPITAL, LLC</u>

Fanchest, Inc., as debtor and debtor in possession (the "Debtor"), files this motion (the "Motion"), for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Order"), pursuant to Fed. R. Bankr. P. 9019 approving the Settlement Agreement between the Debtor and Phoenix Growth Capital, LLC ("Phoenix") annexed hereto as <u>Exhibit B</u>.  In support of the Motion, the Debtor respectfully states as follows:

### <u>Jurisdiction</u>

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Court has authority to grant this Motion pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019.

---

[1] (Federal Tax Id. No. xx-xxx 3182).

2.        Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.        On November 6, 2020 (the "Petition Date"), Debtor commenced a voluntary petition under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The Debtor is operating the business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case other than the subchapter V Trustee, Eric Michael Huebscher, who was appointed on November 11, 2020.

4.        Until the filing of the present Bankruptcy Case, the Debtor's business has involved purchasing and reselling sports team-branded soft and hard consumer goods, primarily holding these goods in third-party fulfillment centers and using these fulfillment centers to package and ship the goods on sale.

5.        Due to the COVID-19 pandemic, business came to an abrupt stop for the Debtor. Given the lack of sales, payments to the Debtor's secured creditors and fulfillment center partners became extremely problematic.

6.        On or about July 16, 2018, Phoenix made a loan to the Debtor in the original principal amount of $1,100,000.00 ("Loan") pursuant to the terms of a Facility Agreement, dated July 16, 2018, between Phoenix and the Debtor. The Loan was secured by a lien on all of the assets of the Debtor.

7.        Phoenix filed a proof of claim with the court on February 22, 2021, Claim Number 16, asserting a right to payment of amounts due under the Loan, including unpaid principal and interest, administrative costs and attorneys' fees. An amended proof of claim was filed on March

15, 2021. A third amended claim, reflecting all amounts due to the Lender through March 2021, was filed on April 5, 2021, in the amount of $738,956.00 (the "Claim").

8.      Debtor has indicated to Phoenix that it objects to the amounts asserted as due under as set forth in the Claim and has filed an Objection to Claim further identifying the basis for this objection [Dkt. 124].

9.      Counsel for Phoenix has shared additional information with counsel for Debtor in support of the Claim and counsel for Debtor has shared concerns relating to the inclusion of certain amounts as part of the Claim and, after appropriate, good faith negotiations, Phoenix has agreed to reduce the amount it seeks to have approved as an allowed Claim such that, subject to approval of this Agreement by the Bankruptcy Court, Phoenix has agreed to reduce its claim by $140,956.00 and file an amended Proof of Claim Number 16 in the amount of $598,000.00.

## Relief Requested

10.      By this Motion, the Debtor seeks the Court's approval of its Settlement Agreement with Phoenix pursuant to Bankruptcy Rule 9019(a).

## Basis for Relief

11.      Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). This rule empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc.* (*In re Drexel Burnham Lambert Group, Inc.*) 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). A decision to accept or reject a compromise or settlement is within the sound discretion of the Court. *Id.*; *see also* 9 Collier on Bankruptcy ¶ 9019.02 (15th ed. rev. 2001). The settlement need not result in the best possible

outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505.

12.      Bankruptcy courts have applied the following factors in determining whether a settlement should be approved: (i) the probability of success in litigation, with due consideration for the uncertainty in fact and law, (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, (iii) the proportion of creditors who do not object to, or who affirmatively support the proposed settlement, and (iv) the extent to which the settlement is truly the product of arms' length bargaining and not the product of fraud or collusion. *See In re Ashford Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998); *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994).

13.      In addition to these criteria, courts have employed additional factors. These additional factors include: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class; (3) the nature and breadth of releases to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining. *See Fischer v. Pereira* (*In re 47-49 Charles Street, Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. S.D.N.Y. 1997).

**The Settlement Agreement is in the Best Interest of the Debtor's Estate**

14.      The Settlement Agreement falls well within the highest and lowest points in the range of reasonableness and, therefore, should be approved by the Court.

15.      The material terms of the Settlement Agreement are as follows: subject to Bankruptcy Court approval and an order deeming the Claim to be allowed in the amount of $598,00.00 (the "Allowed Claim"), Phoenix shall file an amended Proof of Claim, amending the

Claim to reduce the amount of the Claim to $598,000.00. Next, within three (3) business days of the filing of an amendment to the Claim as set forth herein, the Debtor shall pay Phoenix, using wire instructions to be provided, the amount of the Allowed Claim. Upon receipt of payment in the amount of the Allowed Claim, all amounts due under the Loan will be deemed fully paid and satisfied and Phoenix shall provide the Debtor with a release of any liens heretofore asserted by Phoenix, and in addition, Phoenix shall be responsible for providing any additional documents required to effectuate a full release such liens as the need for such additional documents becomes known to the Parties thereafter.

16.     The Settlement Agreement is clearly in the best interests of the Debtor's estate and will allow the Debtor to fully implement its Plan of Reorganization as confirmed on April 16, 2021. In all, the Settlement Agreement represents a discount of approximately 20% from what is currently demanded in the Claim and this discount would be greater if Phoenix were to amend the Claim again to reflect additional interest and attorney fees incurred since the Claim was filed.

17.     While the Debtor believes that there is a strong likelihood that the Bankruptcy Court will agree with the basis stated in its objection to the Claim, the best case scenario would be, in the opinion of Debtor, a reduction of somewhere in the range of 35-40% (approximately 60% of the Claim value is not in dispute). In contrast, the current proposed settlement reduces the Claim by 20% and removes all risk that the Bankruptcy Court might disagree with the Debtor's position in its objection, that certain fees and expenses are not recoverable under the Loan. Accordingly, the Debtor believes in its business judgment that this is a fair compromise.

18.     Accordingly, the Debtor respectfully requests the Court enter an order substantially in the form attached hereto as Exhibit A approving the Settlement Agreement.

## Notice

19.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the Eastern District of New York, Brooklyn Division, Attn: Jeremy Sussman, Esq., 201 Varick Street, Suite 1006, New York, New York 10014; (ii) the subchapter V Trustee, Eric Michael Huebscher, Huebscher & Co, 630 3rd Avenue – 21st Floor, New York, New York 10017; (iii) counsel for Phoenix Growth Capital LLC, Ortiz & Ortiz, L.L.P., 35-10 Broadway, Suite 201, attn. Norma E. Ortiz , Esq.; (iv) any party whose interests are directly affected by the Motion; (v) those persons who have formally appeared and requested notice and service in this Chapter 11 Case pursuant to Bankruptcy Rules 2002 and 3017; (vi) the 20 largest unsecured creditors of the Debtor; (vii) all other parties required to receive service under Local Rule 2002-2. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

## No Prior Request

20.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: May 25, 2021
New York, New York

OFFIT KURMAN, P. A.

/s/ Michael T. Conway
Michael T. Conway
590 Madison Avenue, Sixth Floor
New York, New York 10022
Telephone: (929) 476-0041

6

Facsimile: (212) 545-1656
Michael.Conway@OffitKurman.com

Counsel for Debtor and Debtor in Possession

Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                                    Case No: 20-43932-jmm

FANCHEST, INC.,                                           Chapter 11

                    Debtor.[1]

_____

## ORDER ON MOTION FOR ORDER PURSUANT TO
## BANKRUPCY RULE 9019 APPROVING SETTLEMENT
## WITH PHOENIX GROWTH CAPITAL, LLC

Upon the Motion dated May 25, 2021 (the "Motion")[2] of Fanchest, Inc. (the "Debtor"),

pursuant to Fed. R. Bankr. P. 9019, for an order approving the Settlement Agreement annexed to

the Motion as Exhibit B; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and

venue being proper before this Court pursuant 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided, and it appearing that no other or further notice need be

provided; and the relief requested in the Motion being in the best interests of the Debtor and its

estate and creditors; and the Court having reviewed the Motion and all responses; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted therein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is GRANTED and, consistent with the terms of the Settlement

Agreement, Phoenix Growth Capital, LLC shall have allowed claim in the amount of $598,000.00

---

[1] (Federal Tax Id. No. xx-xxx 3182).
[2]  Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

1

and the Debtor shall, by the later of three (3) business days from (i) the effective date of this Order; or (ii) the filing of upon the filing of an amended Proof of Claim 16 in the amount of $598,000.00, make payment in this amount to Phoenix Growth Capital, LLC; and it is further

**ORDERED** that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a). To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 20-43932-jmm |
| FANCHEST, INC., | Chapter 11 |
| Debtor.[1] | |

This Settlement Agreement (the "**Agreement**") is entered into as of this 14th day of May 2021, by and between Fanchest, Inc. ("**Debtor**") and  Phoenix Growth Capital, LLC ("**Phoenix**"), each at time referred to herein as a "**Party**" or collectively the "**Parties.**"

## **RECITALS**

WHEREAS, on November 6, 2020 (the "**Petition Date**"), Debtor commenced a voluntary petition under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"). The Debtor is operating the business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case other than the subchapter V Trustee, Eric Michael Huebscher, who was appointed on November 11, 2020;

WHEREAS, on or about July 16, 2018, Phoenix made a loan to the Debtor in the original principal amount of $1,100,000.00 ("**Loan**") pursuant to the terms of a Facility Agreement, dated July 16, 2018, between Phoenix and the Debtor. The Loan was secured by a lien on all of the assets of the Debtor;

WHEREAS, Phoenix filed a proof of claim with the court on February 22, 2021, Claim

---

[1] (Federal Tax Id. No. xx-xxx 3182).

Number 16, asserting a right to payment of amounts due under the Loan, including unpaid principal and interest, administrative costs and attorneys' fees. An amended proof of claim was filed on March 15, 2021. A third amended claim, reflecting all amounts due to the Lender through March 2021, was filed on April 5, 2021, in the amount of $738,956.00 (the "**Claim**").

WHEREAS, Debtor has indicated to Phoenix that it objects to the amounts asserted as due under as set forth in the Claim;

WHEREAS, counsel for Phoenix has shared additional information with counsel for Debtor in support of the Claim and counsel for Debtor has shared concerns relating to the inclusion of certain amounts as part of the Claim and, after appropriate, good faith negotiations, Phoenix has agreed to reduce the amount it seeks to have approved as an allowed Claim such that, subject to approval of this Agreement by the Bankruptcy Court, Phoenix has agreed to reduce its claim by $140,956.00 and file an amended Proof of Claim Number 16 in the amount of $598,000.00; and

WHEREAS, the Parties have each have carefully considered the terms of this Agreement and, after having had the opportunity to consult with their respective counsel, have determined that the Settlement is fair and reasonable and supported by adequate consideration.

**AGREEMENT**

NOW, THEREFORE, in consideration of the above recitals, which are incorporated herein by reference, as well as the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows:

1.    **Allowed Claim.** Subject to Bankruptcy Court approval and an order deeming the Claim to be allowed in the amount of $598,00.00 (the "**Allowed Claim**"), Phoenix shall file an amended Proof of Claim, amending the Claim to reduce the amount of the Claim to $598,000.00. Next, within three (3) business days of the amendment to the Claim as set forth herein, the Debtor

2

shall pay Phoenix, using wire instructions to be provided, the amount of the Allowed Claim. Upon receipt of payment in the amount of the Allowed Claim, all amounts due under the Loan will be deemed fully paid and satisfied and Phoenix shall provide the Debtor with a release of any liens heretofore asserted by Phoenix, and in addition, Phoenix shall be responsible for providing any additional documents required to effectuate a full release such liens as the need for such additional documents becomes known to the Parties thereafter.

2.     **Entire Agreement**. This Agreement contains the entire agreement and understanding between the Parties pertaining to the Action and its Settlement and supersedes and replaces all prior and contemporaneous negotiations, agreements and proposed agreements, written or oral. This Agreement may be modified only by a writing signed by each of the Parties hereto or their duly appointed agents.

3.     **Execution/Counterparts.** This Agreement may be executed by the Parties on separate counterparts, each of which, when so executed shall be deemed an original and shall constitute one and the same instrument. This Agreement will only become effective upon all Parties execution of it either in counterparts or otherwise. Any executed copy of this Agreement delivered by confirmed facsimile or electronic mail shall be deemed to be binding to the same extent as an original executed copy of this Agreement.

4.     **Bankruptcy Court Approval**. This Agreement is conditional upon approval by the U.S. Bankruptcy Court.

5.     **Bankruptcy Court Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to enforce the terms and conditions of this Agreement. In the event that the above-captioned case

3

is dismissed or converted, the Parties reserve their rights with respect to the Claim and, specifically, the compromise reached in this Agreement shall be null and void.

WHEREFORE, the Parties have caused this Agreement to be duly executed and delivered as of the date first reflected above.

**FANCHEST, INC.**

By: _____
James Waltz, President

**PHOENIX GROWTH CAPITAL, LLC**

By: _____
ABBAS MANIAR , Member

4